Filed 6/8/23  P. v. English CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078666 |
| v. | (Super. Ct. No. RIF1702341) |
| RONALD LAMART ENGLISH, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Rene Navarro, Judge. Affirmed with directions.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland , Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Ronald English snuck into Jane Doe's room and forced her at knifepoint to stick her finger into her anus for 30 minutes while he watched. A jury convicted him of various offenses and the trial court sentenced him to a term of life plus 25 years.

Defendant contends substantial evidence does not support the jury's finding that he entered Jane's bedroom with the intent to commit sodomy or sexual penetration by force. We disagree. Defendant also argues, and the People concede, that the trial court should not have ordered defendant to pay restitution to another victim of defendant, John Doe. We therefore strike the restitution fine and affirm the judgment as modified.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant lived with his girlfriend, Amber, during the summer of 2017. One morning, defendant asked Amber to have anal sex with him, but she refused.

Later that day, around 10:30 p.m., Jane was in her bedroom and heard strange noises outside that sounded like someone was dragging something against her bedroom wall. About 10 minutes later, Jane heard noises from the kitchen, but thought it might have been her housemates coming home.

Minutes later, defendant knocked on her door. She asked twice who was there, but defendant did not respond. Defendant tried opening the door, but it was locked. Jane began screaming, "'Who is it? Hello? Hello?,'" yet she still received no response.

Jane grabbed a pair of scissors and opened the door, and saw defendant standing in front of the door with a large knife. Defendant told Jane to do what he said and she would not get hurt.

Defendant walked Jane around the house and then back to her room at knifepoint. Defendant ordered Jane to turn off her cell phone, close her laptop, and sit on her bed.

Defendant began asking Jane about her sexual activity, including whether she had a boyfriend, whether they had sex, whether she had "'given head,'" and whether she had "done anal." When she said she had never had anal sex, defendant asked, "'Would you want to try?'" Jane said no, and defendant responded, "'What if you didn't have a choice?'"

Defendant then ordered Jane to take off her clothes. After she eventually complied, Jane begged defendant not to rape her. He said he would not rape her, but wanted her to "put [her] finger in [her] butt hole" while he watched. Defendant told Jane to get on her knees, put her head down, place her butt in the air, and penetrate her anus with her finger.

Jane complied and continued doing so for about 30 minutes. But if she stopped, defendant would get angry and demand that she keep going. During the assault,

3

defendant ordered Jane to "spread [her] butt apart" and he touched her "in between [her] butt" with the blunt edge of his knife. Defendant began masturbating at some point.

Defendant eventually said he was leaving but ordered Jane to stay in the position she was in for five minutes. Defendant took Jane's ID, turned off the lights, and left.

A jury convicted defendant of one count of sexual penetration by force or fear (Pen. Code, § 289, subd. (a); count 1),[1] one count of first degree burglary (§§ 459, 460, subd. (a); count 2), and one count of assault with the intent to commit sexual penetration by force or fear during the commission of a first degree burglary (§ 220, subd. (b); count 3). As to count 1, the jury found true that defendant committed the crime during the commission of a first degree burglary (§ 667.61, subds. (a), (b), (c)(5), (e)(2)) and with the intent to commit sodomy or sexual penetration by force or fear (§ 667.61, subds. (a), (b), (c)(5), (d)(4)), and that he personally used a deadly weapon (§ 667.61, subds. (a), (b), (c)(5), (e)(3)). The trial court sentenced him to 25 years to life on count 1, plus a consecutive life term on count 3 and a four-year term on count 2, stayed under section 654.

## III.

## DISCUSSION

Defendant argues there was insufficient evidence for the jury to find that he entered Jane's bedroom with the intent to commit sodomy or sexual penetration by force. We disagree.

---

[1] All further statutory references are to the Penal Code.

4

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] . . . We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

"'Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment.'" (*People v. Thomas* (1992) 2 Cal.4th 489, 514.) We may reverse a conviction for a lack of substantial evidence only if it appears ""that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].""" (*People v. Cravens* (2012) 53 Cal.4th 500, 508.)

The People alleged that defendant committed the forcible sexual penetration (count 1) during the commission of a first degree burglary with the intent to commit a sex crime enumerated in section 667.61, subdivision (c). To find this allegation true, as the jury did, the jury had to find beyond a reasonable doubt that when "defendant entered the house or room within the house, he intended to commit sodomy by force, fear or threats or sexual penetration by force, fear or threats."

There was ample evidence that defendant intended to commit sodomy or sexual penetration by force when he entered Jane's bedroom. Defendant broke into Jane's house late at night, knocked repeatedly on her door, and tried to open it. When she eventually opened it, defendant was standing there with a large knife. This was circumstantial evidence that he intended to commit sodomy or sexual penetration by force, fear, or threats. (*People v. Tully* (2012) 54 Cal.4th 952, 1008.)

Not long after, defendant asked Jane if she had had anal sex or wanted to try it. When she said no, he said, "What if you didn't have a choice?" He then ordered Jane at knifepoint to take off her clothes and digitally penetrate her anus for 30 minutes. While she did so, he ordered her to "spread" her buttocks and then rubbed her anus area with the blunt part of his knife. This was further circumstantial evidence that he entered Jane's bedroom with the intent to commit sodomy or sexual penetration by force, fear, or threats. (See *People v. Holt* (1997) 15 Cal.4th 619, 670.)

What's more, defendant had unsuccessfully asked Amber to have anal sex in the morning before he assaulted Jane. The jury could reasonably infer from this evidence

6

that defendant was sexually frustrated earlier in the day and decided to assault Jane to satisfy his sexual urges.

In short, there was exceptionally strong evidence that defendant entered Jane's room with the intent to commit sodomy or sexual penetration by force.

Defendant next argues, and the People agree, that the trial court should not have ordered him to pay restitution to John. We agree.

John testified at trial that defendant sexually assaulted him in 2007, and defendant admitted that he had committed the offense. But defendant was not charged for that assault in this case. Before sentencing, however, John requested victim restitution. The trial court entered a "general order" of restitution to John, which the probation department would set.

Restitution to victims is authorized only for victims of offenses for which the defendant was charged and convicted. (*People v. Martinez* (2017) 2 Cal.5th 1093, 1101.) Because defendant was never charged or convicted for his assault of John, John was not entitled to restitution, even though defendant admitted he committed the assault. (*People v. Jessee* (2013) 222 Cal.App.4th 501, 510.) We therefore strike the restitution order to John. (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205 [unauthorized sentence may be corrected at any time].)

IV.

DISPOSITION

The trial court's restitution order to John Doe is stricken.  The clerk of the superior court is directed to prepare a corrected minute order and abstract of judgment reflecting that the restitution order has been stricken and to forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.